# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN K. FREEMAN,<br>CDC # X-10599,<br><br>                    Plaintiff,<br><br>vs.<br><br>PETER C. DEDDEH, San Diego Superior Court Judge; ROBERT F. O'NEILL, San Diego Superior Court Judge; DAWN DAVISON, Warden, California Institution for Women; BILL LOCKYER, Attorney General of the State of California, et al.,<br><br>                    Defendants. | Civil No.   06-0643 IEG (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S APPLICATION FOR RECONSIDERATION [Doc. No. 20-1]**<br><br>**AND**<br><br>**(2) CERTIFYING THAT IFP APPEAL WOULD NOT BE TAKEN IN GOOD FAITH PURSUANT TO 28 U.S.C. § 1915(a)(3)** |

Marilyn Kaye Freeman ("Plaintiff") filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2006, while incarcerated at the California Institution for Women ("CIW"). On June 9, 2006, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), but simultaneously granted Defendant Deddeh and O'Neill's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6), dismissed sua sponte Plaintiff's claims against Defendants Davison and Lockyer for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1), and denied Plaintiff's Motion for Preliminary Injunction

and Temporary Restraining Order.  (*See* June 9, 2006 Order [Doc. No. 18] at 15-16.)  Because the Court found further amendment of Plaintiff's Complaint futile, it dismissed the action without leave to amend.  (*Id.* at 16.)

Specifically, the Court found:  (1) Plaintiff's claims for damages against Defendant San Diego Superior Court Judges Deddeh and O'Neill were barred by the Eleventh Amendment, *id.* at 6-7; (2) Judges Deddeh and O'Neill were entitled to absolute judicial immunity, *id.* at 7-8; (3) Plaintiff's § 1983 action was barred because a writ of habeas corpus is her exclusive remedy to the extent her pleading seeks "immediate release from custody," *id.* at 8-9 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005));  (4) Plaintiff's request for damages was not yet cognizable because her claims "necessarily implied" the invalidity of her criminal conviction and/or sentence and she did not allege facts sufficient to show that conviction or sentence had previously been invalidated,  *id.* at 9-10 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); (5) Plaintiff's claims against Defendants CIW Warden Davison and California's Attorney General Bill Lockyer required sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because her Complaint failed to allege facts to show that either of them personally caused her constitutional rights to be violated, *id.* at 13-14, and finally, (6) Plaintiff was not entitled to a TRO or Preliminary Injunction because she failed to demonstrate a strong likelihood of success on the merits or the immediate irreparable injury which is required under FED.R.CIV.P. 65.  (*Id.* at 15.)

On July 3, 2006, Plaintiff filed an "Application for Reconsideration" of the Court's June 6, 2006 Order [Doc. No. 20].  On July 28, 2006, Defendants Deddeh and O'Neill filed an Opposition [Doc. No. 22].

**Application for Reconsideration– Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1]  However, a motion for reconsideration may be  construed as a motion to alter

---

[1] However, Local Rule 7.1(I) does permit motions for reconsideration.  Under Local Rule 7.1(I)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...."  S.D. CAL. CIVLR 7.1(I).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Here, Plaintiff has provided the Court with no newly discovered evidence, failed to show how the Court committed clear error or rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand a different result. *School Distr. No. 1J*, 5 F.3d at 1263. Instead, Plaintiff merely claims the Court "made a clear error of fact" when it found Defendants Deddeh and O'Neill entitled to judicial immunity. (*See* Pl.'s App. for Recons. at 1-2.) Plaintiff claims the Court misinterpreted her allegations against the Judges as a challenge to their decision *not* to recuse themselves. (*Id.* at 2.) Plaintiff now seeks reconsideration arguing that Judges Deddeh and O'Neill *did* recuse

---

*Id.* Local Rule 7.1(I)(2) permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Here, Plaintiff's Application for Reconsideration was accepted for filing by the Clerk on July 3, 2006, but signed by her on June 29, 2006. Thus, even if Plaintiff is given the benefit of the prisoner "mailbox rule," her Application is untimely under FED.R.CIV.P. 59(e), because it is deemed "filed" more than 10 days after the Court's June 9, 2006 judgment. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b). Here, the Court finds that Plaintiff's Motion for Reconsideration is timely under both Rule 60 and S.D. CAL. CIVLR 7.1(I)(2) because it was filed within 30 days of this Court's June 6, 2006 Order. The Ninth Circuit has held that a timely filed motion for reconsideration under a local rule should be construed under the provisions of Rule 59(e). *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (citing *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir.1983) (A "timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under FED.R.CIV.P. 59(e).").

themselves, but nevertheless *thereafter* "took judicial action against her" "without any jurisdiction." (*Id.* at 2.)  Plaintiff's distinction, however, makes no legal difference.  No matter how she wishes to parse her claim, Plaintiff's Complaint alleges that Judges Deddeh and O'Neill violated her constitutional rights during state criminal proceedings because they were "prejudiced" and "biased" against her, and yet ultimately decided, after being asked repeatedly by Plaintiff to remove themselves from presiding over her matter, that recusal was not warranted. (*See* Compl. at 3-4, 57, 60, 62-63.)  Plaintiff has offered no new evidence in this regard, nor has she pointed to any authority to support her contention that Defendants Deddeh and O'Neill acted "in the absence of all jurisdiction" when refusing to recuse.  *School Distr. No. 1J*, 5 F.3d at 1263.

In fact, this Court can find only authority which supports its initial decision.  In every case of which this Court is aware, a failure to recuse has been held to be a "judicial act" for purposes of absolute immunity.  *See Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1986); *Ricotta v. California*, 4 F.Supp.2d 961, 973 (S.D. Cal. 1998); *Seto v. McMahon*, 862 F.Supp. 255, 257 (C.D. Cal. 1994); *Shepherdson v. Nigro*, 5 F.Supp.2d 305, 312 (E.D. Pa. 1998); *Schiff v. Dorsey*, 877 F.Supp. 73, 76 (D. Conn. 1994); *Sato v. Plunkett*, 154 F.R.D. 189, 191 (N.D. Ill. 1994); *Font v. Dapena Yordan*, 763 F.Supp. 680, 682 (D.P.R. 1991); *Iseley v. Bucks County*, 549 F.Supp. 160, 164-65 (E.D. Pa. 1982); *see also Schafer v. Buhl*, 1994 WL 669688, *2 (W.D. Mich. 1994) (decisions regarding recusal are "indisputably" judicial acts).

Moreover, even if Judges Deddeh and O'Neill were not entitled to absolute judicial immunity, the Eleventh Amendment still bars Plaintiff's claims for damages, a § 1983 suit seeking both damages and injunctive relief in the form of court-ordered release is still not cognizable under *Preiser, Heck* and *Wilkinson*, and Plaintiff has still failed to show that the remaining two Defendants, Warden Davison and Attorney General Lockyer, personally caused a violation of any identifiable constitutional right.  (*See* June 9, 2006 Order at 8-14.)  Finally, Plaintiff's Motion for Reconsideration offers no new evidence, and does not point to any intervening change in the law which might suggest that the Court's June 9, 2006 denial of her Motion for TRO and/or Preliminary Injunction was "manifestly unjust."  *School Distr. No. 1J*, 5 F.3d at 1263.

Thus, without more, and because reconsideration is not warranted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because she disagrees with its ultimate decision, Plaintiff's Application for Reconsideration must be DENIED.  *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D.C. Wis. 1956)).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Application for Reconsideration [Doc. No. 20-1] is DENIED.

IT IS FURTHER CERTIFIED that an IFP appeal from either this Order or the Court's June 6, 2006 Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**DATED: September 13, 2006**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**